# Third District Court of Appeal
## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

Nos. 3D22-1970, 3D22-1999
Lower Tribunal Nos. 14-13703, 18-7447

————————————

**Dario Carnevale, et al.,**
Petitioners,

vs.

**Rogenia Trading, Inc., etc., et al.,**
Respondents.

Cases of Original Jurisdiction – Prohibition.

Squire Patton Boggs (US) LLP, and Alvin B. Davis, for petitioners.

The Tome Law Firm, P.A., and Jay R. Tome (Davie), for respondents.

Roniel Rodriguez IV, P.A., and Roniel Rodriguez IV, for Michael I. Feldman, Esquire, as amicus curiae.

Before LOGUE, HENDON and BOKOR, JJ.

BOKOR, J.

Dario and Flavia Carnevale petition for writs of prohibition, seeking to reverse the denial of their motions to disqualify the trial judge from presiding over the three underlying cases. The Carnevales argue that the trial judge exhibited bias due to certain social media postings evincing a friendly relationship with a proposed third-party intervenor, Michael Feldman, Esq., and his counsel, as well as by allowing Mr. Feldman to participate in hearings without having been formally added as a party.

Preliminarily, we note the Carnevales already successfully moved to disqualify a previous trial judge on this same basis earlier in the litigation. A party may not seek a second disqualification of a successor judge except in such instance where the party demonstrates actual bias or prejudice. See Fla. R. Gen. Prac. & Jud. Admin. 2.330(i) ("If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (e), a successor judge cannot be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case."). We review such a determination under an abuse of discretion standard. See Delgado v. Miller, 48 Fla. L. Weekly D405 (Fla. 3d DCA Feb. 22, 2023) ("[A]n order denying the disqualification of a successor judge is reviewed for an abuse of discretion. Prohibition does not lie unless the record clearly refutes the successor judge's decision to deny

2

the motion.") (citations and quotations omitted).  The record reveals the trial court made the best of a messy situation and attempted to provide notice and an opportunity to be heard to all impacted parties.  To the extent the Carnevales—or any other party—objected to the procedure employed by the court, the remedy does not lie in seeking to recuse or disqualify the trial judge.  See, e.g., Bodden v. State, 314 So. 3d 458, 461 (Fla. 3d DCA 2020) ("To prevail on a petition for a writ of prohibition seeking to bar a trial judge from presiding over a case requires more than mere disagreement with a ruling on a given motion.  This is because an adverse ruling is not a legally sufficient ground to disqualify the trial judge.").

    Petition denied.